UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **KEVIN PATRICK BONNER,** § <br> **# 0213014,** § <br> § <br> Plaintiff, § <br> § <br> v. § **SA-23-CV-00069-JKP** <br> § <br> **AT&T Mobility Corporation.,** § <br> § <br> Defendant. § | |

## ORDER OF DISMISSAL

Before the Court is the 42 U.S.C. § 1983 civil rights complaint ("Section 1983 Complaint") filed by Plaintiff Kevin Patrick Bonner ("Plaintiff" or "Bonner"), who is proceeding *pro se*. (ECF No. 1). Bonner requested and was granted leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2, 10). Upon consideration, Bonner's Amended Section 1983 Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b).

### BACKGROUND

While detained at the Guadalupe County Jail, Bonner filed a civil rights complaint against AT&T Mobility Corporation. (ECF No. 1 at 4). Bonner complained that in March of 2019, he upgraded his phone however, the phone did not work properly. (*Id.*). He contended that after repeated complaints, the phone was exchanged and in February of 2021, he was charged for nine phones. (*Id.*). Plaintiff stated he believed the matter had been finally resolved; however, after his arrest, his mother advised him he was being charged $5,000.00 for seven phones. (*Id.* at 10). Based on the foregoing, Plaintiff purports to sue AT&T for over eighty-eight billion dollars. (*Id.* at 4).

On March 23, 2023, Bonner was ordered to show cause why his Section 1983 Complaint (ECF No. 1) should not be dismissed for failure to state a claim upon which relief may be granted by filing an amended complaint curing the deficiencies set out in the Court's Show Cause Order. (ECF No. 15). More specifically Bonner was told he had not alleged a constitutional violation and further, had not sufficiently alleged that AT&T Corporation was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff was advised that private parties are considered state actors for purposes of a Section 1983 action only in rare circumstances. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). When a private individual's conduct is "fairly attributable to the State" his or her action may be deemed state action. *Id.* To establish fair attribution, a plaintiff must show: (1) the alleged deprivation was caused by the exercise of some rights or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible; and (2) that the party charged with the deprivation may fairly be said to be a state actor. *Id.*

Plaintiff was told he should either voluntarily dismiss this suit or allege detailed facts alleging a constitutional violation and further, showing that the alleged deprivation was caused by the exercise of some rights or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible; and that the party charged with the deprivation may fairly be said to be a state actor. *Id.*

Plaintiff subsequently amended his complaint alleging similar facts against AT&T Corporation. (ECF No. ). As in his Original Complaint, Plaintiff's Amended Complaint failed to demonstrate AT&T Corporation is a state actor for purposes of Section 1983. *Moody*, 868 F.3d at 351.

## LEGAL STANDARD

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

In evaluating whether a complaint states a claim under §§ 1915A(b)(1), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## DISCUSSION

Bonner was previously advised that pursuant to Section 1983, he must allege a violation of rights secured by the Constitution and laws of the United States and further, show that a person acting under color of state law committed the alleged deprivation. *West*, 487 U.S. at 48 (1988). Despite being advised of these deficiencies and told how to correct them, Plaintiff failed

3

to do so. Accordingly, his Section 1983 Amended Complaint against AT&T is **DISMISSED WITH PREJUDICE** pursuant to Sections 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) of Title 28 of the United States Code for failure to state a non-frivolous claim.

#### CONCLUSION

Plaintiff's Section 1983 Amended Complaint fails to state a claim upon which relief may be granted. As such, Plaintiff's claims are subject to dismissal.

**IT IS THEREFORE ORDERED** that Bonner's Section 1983 claims against Defendant, AT&T Mobility Corporation is **DISMISSED WITH PREJUDICE** pursuant to Sections 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) of Title 28 of the United States Code for failure to state a non-frivolous claim.

**The Clerk shall send a copy of this Dismissal Order and the Judgment in this case to: Keeper of the "Three-Strikes List," Operations Division, U.S. District Court for the Western District of Texas, San Antonio Division, so this case may be recorded in the "Three Strikes List."**

**SIGNED this 18th day of May, 2023.**

_Jason Pulliam_
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**